IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH BUSBY,<br>Reg. No. 12401-042, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | )   Case No.: 2:21-cv-745-ECM-CWB<br>) |
| ALAN COHEN, WARDEN, | )<br>) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    Introduction**

Before the court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 that was filed by Kenneth Busby in November 2021. (Doc. 1). At the time the petition was filed, Busby was incarcerated at the Federal Prison Camp in Montgomery, Alabama. (Doc. 13 at pp. 1-2). Busby challenges the revocation of his home confinement, which previously had been granted under the First Step Act of 2018[1] and the Coronavirus Aid, Relief, and Economic Security Act.[2] (Doc. 1 at pp. 1-8; Doc. 2 at pp. 9-12). As relief, Busby requests a re-release to home confinement. (Doc. 1 at p. 8). For the reasons explained below, the Magistrate Judge recommends that the petition be dismissed as moot.[3]

---

[1] *See* Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (March 27, 2020).

[2] *See* Pub. L. No. 115–391, §§ 504, 603, 132 Stat. 5194 (December 21, 2018).

[3] A review of information on the BOP website reflects that Busby was released from custody in February 2022. *Available at* https://www.bop.gov/inmateloc/ (last visited May 25, 2023).

1

## II.  Discussion

### A.  Jurisdiction & Venue

The law is settled that a § 2241 petition for writ of habeas corpus is the appropriate vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *Lopez v. Davis*, 531 U.S. 230, 236 (2001); *McCarthen v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092-93 (11th Cir. 2017); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Because Bubsy challenges the revocation of his home confinement, his claim is proper under § 2241. Venue likewise is proper because Busby was incarcerated in this district when he filed the petition. *See, e.g., Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that a petition for relief pursuant to § 2241 generally must be brought in the district where the inmate is incarcerated); *Brown v. Warden of FCI Williamsburg*, No. 8:19cv546-HMH-JDA, 2019 WL 1780747, at *2 (D.S.C. Mar. 25, 2019), *Report and Recommendation adopted*, No. 8:19cv546-HMH-JDA, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) (finding that a § 2241 petition must be brought in the district of confinement rather than in the sentencing district) (citing 28 U.S.C. § 2242 and *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989)).[4]

### B.  Mootness

Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial

---

[4] Busby was convicted and sentenced in the United States District Court for the Northern District of Mississippi. (Doc. 13 at pp. 1-2) (citing generally *United States v. Busby*, 1:06-CR-00129 (N.D. Miss. 2006)). #

2

decision." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam*) (observing that federal courts have no power to decide questions that cannot affect the rights of litigants before them).

A case therefore is deemed moot if a court cannot grant meaningful relief on the claims. *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Westmoreland v. Nat'l Transp. Safety Bd.,* 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the [case] must be dismissed as moot."); *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that a claim is moot and must be dismissed if an event occurs that prevents the court from granting effective relief). In the specific context of habeas petitions, the case-or-controversy requirement warrants a finding of mootness if (1) the petitioner has received the relief requested in the petition or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097-98 (9th Cir. 1997).

Here, Busby alleges due process violations based upon the revocation of his home confinement. But he has since been released from custody, and there is no allegation that he is subject to any future adverse consequences related to his claim. Because Busby's ultimate objective in filing the petition was to be returned to home confinement, the court cannot now grant him meaningful habeas relief. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). With there no longer being a case or controversy to litigate, Busby's request for habeas relief is moot, and his petition is due to be dismissed. *See U. S. ex rel. Graham v. U.S. Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding that challenge to parole regulation was mooted by

3

release on parole because a favorable decision on the merits would not entitle petitioner to any additional relief).[5]

### III.   Conclusion

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the pending 28 U.S.C. § 2241 petition (Doc. 1) filed by Kenneth Busby be **DISMISSED** with prejudice as moot.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **June 14, 2023**.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 31st day of May 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]  Although it finds that Busby's claims are moot due to his release, the court notes that in no event would it have been able to grant the relief sought.  *See Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021) (holding that the district court properly dismissed § 2241 petition seeking immediate release to home confinement under the CARES Act because district court did not have authority to grant the requested relief).